**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| CARYN ERIKA PARKER<br><br>Plaintiff,<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING INC.; PINNACLE MORTGAGE GROUP; MARIN CONVEYANCING CORP.; MORTGAGE ELECTRONIC SYSTEMS, INC. [MERS]; BAC HOME LOANS SERVICING, LP; ReconTrust COMPANY; FIRST AMERICAN TITLE INSURANCE COMP.; et al.,<br><br>Defendants. | ) | 3:11-cv-00039-ECR-RAM<br><br>**Order** |

Plaintiff is a homeowner who alleges that she is the victim of a predatory lending scheme perpetuated by Defendants. Plaintiff asserts causes of action for (I) injunctive relief; (ii) declaratory relief; (iii) violations of the Federal Fair Debt Collection Practice Act and the Nevada Fair Debt Collection law; (iv) unfair and deceptive trade practices; (v) unfair lending practices; (vi) violation of the covenant of good faith and fair dealing; (vii) wrongful foreclosure; (viii) quiet title; (ix) fraud through omission; (x) fraud in the inducement; and (xi) unjust enrichment.

We note that none of the parties have petitioned the United States Judicial Panel on Multi-District Litigation to transfer the MERS-related claims in this case to District Judge James A. Teilborg

for the District of Arizona in consolidation with In re: Mortgage Electronic Registration Systems (MERS) Litigation, Case No. 2:09-md-02119-JAT, but the case appears eligible for transfer. Now pending are a motion to dismiss (#8) filed by Defendants BAC Home Loans Servicing, LP ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS") and ReconTrust Company, N.A. ("ReconTrust") (collectively, "Defendants"); a motion for hearing (#19) on the motion to dismiss filed by Defendants BAC, MERS and ReconTrust; and a motion (#21) to amend/correct complaint filed by Plaintiff. The motions are ripe, and we now rule on them.

## I. Factual Background

Plaintiff alleges that on or about December 17, 2004, Plaintiff executed a note in the amount of $311,900 (the "Mortgage Note") in favor of lender Greenpoint Mortgage Funding, Inc. ("Greenpoint") and a deed of trust (the "Deed of Trust") with respect to real property located at 214, 216, 218 Moran Street, Reno, Nevada 89501 (the "Property"). (Compl. ¶ 35 (#1 Ex. 1).) The Deed of Trust was recorded by Stewart Title of Northern Nevada on December 27, 2004. (Id.) ReconTrust, as agent for BAC, executed a document entitled "Notice of Default/Election to Sell under Deed of Trust," which was recorded by First American National Default on September 16, 2010 (the "Notice of Default"). (Id. ¶ 36.) The Notice of Default was signed by Charlotte Almos as agent for Defendant First American Title Insurance Comp. ("First American"), as agent for ReconTrust, as agent for BAC. (Id.) The Notice of Default states that ReconTrust is the duly appointed or substituted Trustee and is

acting as agent for the trustee or beneficiary under the Deed of Trust. (Id.)

## II. Procedural Background

Plaintiff filed her complaint (#1 Ex. 1) in state court on December 13, 2010. MERS filed a petition for removal (#1) to this Court on January 20, 2011. On February 7, 2011, Defendants BAC, MERS and ReconTrust filed a motion (#8) to dismiss. Plaintiff opposed (#16) and Defendants replied (#17). On May 5, 2011, Defendants BAC, MERS and ReconTrust filed a motion (#19) for hearing regarding the motion (#8) to dismiss. On May 27, 2011, Plaintiff filed a motion (#21) to amend/correct complaint. Defendants BAC, MERS, and ReconTrust filed a response (#22) on June 13, 2011, as did Defendant Greenpoint (#23). Plaintiff replied (#24) on June 24, 2011.

## III. Motion to Amend Standard

Federal Rule of Civil Procedure 15(a)(2) provides that other than with respect to an amendment to a pleading within twenty-one days after such pleading was served, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). The court should freely give leave when justice so requires. Id.

The right to amend is not, however, absolute. See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008). The court may deny leave to amend where amendment would be futile. Id. See

also Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**IV. Plaintiff's Motion (#21) to Amend**

Plaintiff requests leave to amend her complaint (#1 Ex. 1) based on nine claims and to add Charlotte Almos, an employee of Defendant First American. We find that amendment of Plaintiff's complaint on these grounds would be futile.

A. Plaintiff's Claim for Debt Collection Violation is a Futile Amendment (Count 1)

Plaintiff proposes a new claim arising out of the Federal Fair Debt Collection Practices Act ("FDCPA"). (Prop. Am. Compl. ¶ 62.) Plaintiff does not dispute that Defendants are initiating a non-judicial foreclosure (Id.), which is not a debt collection practice, nor that the FDCPA does not apply to a non-judicial foreclosure. See, e.g., Maves v. First Horizon Home Loans, 2010 U.S. Dist. LEXIS 97387 (D. Nev. Sept. 15, 2010). See also Diessner v. Mortgage Elec. Registration Sys., Inc., 384 F. App'x 609 (9th Cir. 2010). Further, this District and other courts have rejected the theory that the deed in question "split" from the note through securitization, rendering the note an unsecured debt subject to the FDCPA. Vega v. CTX Mortg. Co., LLC, 761 F. Supp. 2d 1095 (D. Nev. 2011); In re Mortgage Elec. Registration Sys. (MERS) Litig., 2011 U.S. Dist. LEXIS 7232 at *5 (D. Ariz. Jan. 25, 2011)(rejecting the "note-split-from-the-deed" theory and finding that "Nevada case law universally holds that these deeds are enforceable"). Amendment of the

complaint (#1 Ex. 1) to include Plaintiff's first proposed additional claim would therefore be futile.

B. Plaintiff's Claim for Unfair and Deceptive Trade Practice is a Futile Amendment (Count 2)

Plaintiff's second proposed new claim arises from her contention that sending notices of default requires a debt collector's licence, and so Defendants violated Nevada Revised Statutes §§ 598.0923(1) and (3). (Prop. Am. Compl. ¶ 73.) Nevada Revised Statutes §§ 598.0923(1) and (3) do not apply to non-judicial foreclosures. Subsection 1 does not apply because it deals with business licenses. Erickson v. PNC Mortg., 2011 U.S. Dist. LEXIS 46387 (D. Nev. Apr. 27, 2011); Maves, 2010 U.S. Dist. LEXIS 97387 (D. Nev. Sept. 15, 2010); Charov v. Perry, 2010 U.S. Dist. LEXIS 65798 (D. Nev. June 30, 2010). Subsection 3 does not apply because it deals only with a sale or lease of goods or services and does not cover a mortgage foreclosure on real property. Alexander v. Aurora Loan Servs., 2010 U.S. Dist. LEXIS 68172 (D. Nev. July 8, 2010). Amendment of Plaintiff's complaint to include the second proposed new claim would therefore be futile.

C. Plaintiff's Claim for Unfair Lending Practices is a Futile Amendment (Count 3)

Plaintiff's third proposed new claim, for unfair lending practices pursuant to Nevada Revised Statutes § 598D, is futile because it is time-barred. An action "upon statute for penalty or forfeiture" has a two-year statute of limitations unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of § 598D indicates that it is a statute for a penalty and

does not contain its own limitations period. Nev. Rev. Stat. § 598D.110; Freeto v. Litton Loan Serv., L.P., 2010 U.S. Dist. LEXIS 19949 (D. Nev. Mar. 5, 2010). Plaintiff obtained her loan from Defendants in 2004, but did not file her complaint until December 13, 2010. (Prop. Am. Compl. ¶ 7.) She does not allege any facts to support a request to toll the limitations period. Amendment to include Plaintiff's third proposed new claim for unfair lending practices is therefore futile, as such claim is time-barred.

D. Plaintiff's Claim for Breach of the Contractual Covenant of Good Faith is a Futile Amendment (Count 4)

Plaintiff's fourth proposed additional claim is for breach of the contractual covenant of good faith with respect to an alleged proposed loan modification. (Prop. Am. Compl. ¶ 85.) Plaintiff also claims that Defendants breached the covenant of good faith by approving Plaintiff for a loan she could not afford. (Id. ¶ 83.) Amendment to include Plaintiff's claims for breach of contractual covenant of good faith would be futile because these claims relate to conduct that occurred before the loan was executed and, therefore, before there was a contract. Larson v. Homecomings Fin., LLC, 680 F. Supp. 2d 1230, 1236 (D. Nev. 2009). Amendment to include Plaintiff's fourth proposed claim would therefore be futile.

E. Plaintiff's Claim for Wrongful Foreclosure in Violation of Nevada Revised Statutes § 107.080 is Futile (Count 5)

Plaintiff's fifth proposed additional claim for violation of Nevada Revised Statutes § 107.080 is futile. Plaintiff's claim is based on a contention that the foreclosure is invalid because Defendants did not present the original note, an argument this Court

and others have rejected repeatedly. See, e.g., Villa v. Silver State Fin. Servs., Inc., 2011 U.S. Dist. LEXIS 54510 (D. Nev. May 20, 2011); Roberts v. McCarthy, 2011 U.S. Dist. LEXIS 41464 (D. Nev. April 8, 2011); Urbina v. Homeview Lending Inc., 681 F. Supp. 2d 1254 (D. Nev. 2009).

Specifically, Plaintiff alleges that ReconTrust, as agent for BAC, as agent for MERS, had no right to file the notice of default. (Prop. Am. Compl. ¶¶ 92-103 (#1 Ex. 1.)) However, Plaintiff fails to cite any authority under Nevada to support this assertion. Nevada Revised Statutes § 107.080 does not require that a particular party – trustee, beneficiary or their assigns – record notices of default or trustee sale. Berilo v. HSBC Morg. Corp., 2010 U.S. Dist. LEXIS 64599 (D. Nev. June 29, 2010). ReconTrust recorded the notice of default as an authorized agent of the loan servicer, BAC, as agent for the beneficiary of the Deed of Trust, MERS. Thus, Plaintiff's allegation regarding the identity of the party who recorded the notice cannot create an actionable claim, and amendment to include Plaintiff's fifth proposed claim would therefore be futile.

F. Plaintiff's Claim for Quiet Title is Futile (Count 6)

Plaintiff's sixth proposed additional claim is for quiet title. (Prop. Am. Compl. ¶ 106.) Amendment to include this claim would be futile because Plaintiff repeats her argument that the note split from the deed through securitization, which argument fails, as we have explained above. Vega v. CTX Mortg. Co., LLC, 761 F. Supp. 2d 1095 (D. Nev. 2011); In re Mortgage Elec. Registration Sys. (MERS) Litig., 2011 U.S. Dist. LEXIS 7232 at *5 (D. Ariz. Jan. 25, 2011)

Further, Plaintiff has failed to allege her ability to tender the amount owed on the debt, as is required for a quiet title claim. Anderson v. Deutsche Bank Nat'l Tr. Co., 2010 U.S. Dist. LEXIS 120865 (D. Nev. Oct. 29, 2010); Kraemer v. Kraemer, 382 P.2d 394 (Nev. 1963). We therefore find that amendment to include Plaintiff's sixth proposed additional claim for quiet title would be futile.

G. Plaintiff's Claim for Fraud is Futile (Count 7)

Amendment to include Plaintiff's seventh proposed additional claim for fraud would be futile because such claim is time-barred. Nevada Revised Statutes § 11.190(3)(d) provides a three-year statute of limitations for fraud claims. Here, Plaintiff's loan was originated in December 2004. (Prop. Am. Compl. ¶ 146.) Plaintiff filed her complaint in December 2010, approximately six years after the loan origination, and Plaintiff has not made any factual allegation to support an argument for tolling the statute of limitations. Plaintiff asserts that she discovered the fraud "at the time...the complaint was filed," but does not explain her failure to discover Defendants' alleged fraud sooner. Campbell v. Wells Fargo Home Mortg., 2010 U.S. Dist. LEXIS 86451 (C.D. Ca. July 27, 2010)(denying tolling on statute of limitations for fraud when plaintiff "supplie[d] no factual allegations in support of her conclusory claim"). We therefore find that amendment to include Plaintiff's claim for fraud would be futile.

H. Plaintiff's Claim for Slander of Title is Futile (Count 8)

Amendment to include Plaintiff's eighth proposed additional claim for slander of title would be futile because Plaintiff does

not dispute that she was in default on her mortgage, and so the recording of the Notice of Default was not falsely done. (Prop. Am. Compl. ¶ 149.) Ramos v. Mortgage Elec. Registration System, Inc., 2009 U.S. Dist. LEXIS 124874 (D. Nev. March 4, 2009)(dismissing slander of title because "Plaintiffs do not dispute that they were in default on their loan"). Because Plaintiff's abuse of process claim fails to state a viable claim, amendment to add such claim would be futile.

I. Plaintiff's Claim for Abusive of Process is Futile (Count 9)

Amendment to include Plaintiff's ninth proposed additional claim for abuse of process would be futile because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort, as t does not involve judicial action. Riley v. Greenpoint Morg. Funding, Inc., . See also Bull v. McCuskey, 615 P.2d 957, 960 (Nev. 1980) (rev'd on other grounds); Ace Truck & Equip. Rentals, Inc. v. Kahn, 746 P.2d 132 (Nev. 1987).

J. Amendment of Plaintiff's Complaint Would Be Futile

As detailed above, amendment of Plaintiff's complaint would be futile, as there is clearly established case law refuting each of Plaintiff's proposed additional claims. We will therefore deny Plaintiff's motion (#21) to amend/correct complaint.

**V. Motion to Dismiss Standard**

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

## VI. Defendants' Motion (#8) to Dismiss

Defendants filed a motion (#8) to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

A. Claims 1 and 2 for Injunction and Declaratory Relief

Defendants correctly assert that injunctive and declaratory relief are remedies, as opposed to independent causes of action. Dalton v. Citimortgage, 2011 U.S. Dist. LEXIS 6108 (D. Nev. Jan. 20, 2011); In re Wal-Mart Wage & Hour Employment Practices Litig., 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); Josephson v. EMC Mortgage Corp., 2010 U.S. Dist. LEXIS 128053 (D. Nev. Nov. 19, 2010). Plaintiff's first and second claims for relief will therefore be dismissed.

B. Claim 3 for Violation of the FDCPA

Plaintiff's claim that the non-judicial foreclosure of the Property violated the federal Fair Debt Collection Practices Act as incorporated into Nevada Revised Statutes § 649.370 fails as a matter of law.

The FDCPA regulates "debt collectors," and defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute's definition of "debt collector" does not include a person who collects a debt "to the extent such activity...(ii) concerns debt which was originated by such person; [or] (iii) concerns a debt which is not in default at the time it is obtained by such person." 15 U.S.C. § 1692a(6)(F).

Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. Fitzgerald v. Clarion Mortg.

Capital, 2011 U.S. Dist. LEXIS 72169 (D. Nev. July 5, 2011); Camacho-Villa v. Great Western Home Loans, 2011 U.S. Dist. LEXIS 37063 (D. Nev. Mar. 23, 2011); . See also Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008). See also Heinemann v. Jim Walter Homes, Inc.,47 F. Supp. 2d 716, 722 (N.D.W. Va. 1998). Plaintiff's third claim will therefore be dismissed.

C. Claim 4 for Unfair and Deceptive Trade Practices

Plaintiff's fourth claim for violations of unfair and deceptive trade practices pursuant to Nevada Revised Statutes § 598.0923 also fails as a matter of law. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation, he or she knowingly conducts the business or occupation without all required state, county or city licenses. § 598.0923(1). However, the Nevada Revised Statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, we dismiss Plaintiff's fourth cause of action.

D. Claim 5 for Unfair Lending Practices

Plaintiff's fifth cause of action for unfair lending practices is time-barred. Nevada Revised Statutes § 598D provides a two-year statute of limitations for claims of unfair lending practices. As

stated previously, Plaintiff obtained her loan in 2004 and filed her complaint (#1 Ex. 1) in 2010. She fails to allege any facts to support a request to toll the limitations period. Plaintiff's fifth cause of action for unfair lending practices pursuant to Nevada Revised Statutes § 598D is therefore untimely and will be dismissed.

D. Claim 6 for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's sixth cause of action for breach of the covenant of good faith and fair dealing fails as a matter of law.

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe County, 105 Nev. 913, 914 (Nev. 1989)(quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Productions, Inc., 107 Nev. 226, 234 (1991). To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the existence of a valid, enforceable contract; (ii) the defendant's performance in a manner that is unfaithful to the purpose of the contract and the justified expectations of the plaintiff; and (iii) resulting damages sustained by the plaintiff. Perry v. Jordan, 111 Nev. 943, 948 (1995). It therefore follows that the implied covenant of good faith and fair dealing only extends to parties to the contract. Contreras v. Master Fin., Inc., 2011 U.S. Dist. LEXIS 996 at *7-8 (D. Nev. Jan. 4, 2011); Bhadra v. State Farm Fire & Cas. Co., 2010 U.S. Dist. LEXIS 64618 at *10 (D.

Nev. June 1, 2010); Vargas v. California State Auto. Ass’n Inter-Insurance Bureau, 788 F. Supp. 462, 465 (D. Nev. Mar. 12, 1992).

Here, Plaintiff alleges that there was a breach of the covenant of good faith and fair dealing because Defendants led her to believe that they would modify her loan. (Compl. ¶ 81 (#1 Ex. 1).) Because there is no loan modification contract between the parties, however, Plaintiff fails to state a claim as a matter of law. Additionally, Plaintiff’s allegation that Defendants breached the covenant of good faith and fair dealing by initiating foreclosure proceedings on the original loan is without merit. (Id. ¶ 83.) Plaintiff’s sixth cause of action will therefore be dismissed.

E. Claim 7 for Wrongful Foreclosure in Violation of Nevada Revised Statutes §§ 107.080 and 645F.440

Plaintiff’s claim that Defendants violated Nevada Revised Statutes § 645F.440 fails as a matter of law. NRS § 645F.440 details the remedies for rescinding a foreclosure sale. Here, there has been no foreclosure sale of the property. (MTD at 9 (#8).) Plaintiff’s claims under § 645F.440 will therefore be dismissed.

An action for wrongful foreclosure pursuant to Nevada Revised Statutes § 107.080 requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. Ellifritz v. Netbank, 2010 U.S. Dist. LEXIS 139065 (D. Nev. Dec. 28, 2010); Haley v. Elegen Home Lending, LP, 2010 U.S. Dist. LEXIS 24590 (D. Nev. Mar. 15, 2010); Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (D. Nev. 1983). Here, Plaintiff admits that she was in default on her mortgage obligation. (Compl. ¶ 47.) As such,

there can be no sustainable action for wrongful foreclosure pursuant to § 107.080 .

Furthermore, a claim for wrongful foreclosure does not arise until the power of sale is exercised. Haley, 2010 U.S. Dist. LEXIS 24590 at *4; Collins, 662 P.2d at 623. The Property has not yet been sold. (MTD at 9 (#8).) As such, Plaintiff's claim for wrongful foreclosure is premature and not actionable.

Finally, the securitization of a loan does not create a cause of action. Joyner v. Bank of Am. Home Loans, 2010 U.S. Dist. LEXIS 75936 (D. Nev. July 26, 2010).

F. Claim 8 for Quiet Title

Plaintiff's eighth cause of action is for quiet title. A quiet title action is the proper method by which to adjudicate disputed ownership of real property rights. Joyner, 2010 U.S. Dist. LEXIS 75936 at *14 (D. Nev. July 26, 2010). Though not properly a cause of action, an action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud on title to the property. Id. at *14-15; MacDonald v. Krause, 362 P.2d 724 (Nev. 1961). The Ninth Circuit Court of Appeals has affirmed that trial courts have inherent equitable discretion to bar a claim for lack of tender if the failure to tender renders the remedy unenforceable. Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir. 2003). This District has adopted the "widely accepted" Tender Rule that a party pursuing a quiet title claim must tender the undisputed amount due and owing to challenge the validity of a sale or title to the property. See also Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996).

Here, Plaintiff has not tendered the amount owed on her loan. She has failed to plausibly allege that Defendants lack the statutory ability to foreclose on the Property pursuant to Nevada Revised Statutes § 107.080, nor that she is not in breach of the loan agreement. Plaintiff's claim for quiet title will therefore be dismissed.

G. Claims 9 and 10 for Fraud through Omission and Fraud in the Inducement

Plaintiff also fails to state a claim in her ninth and tenth causes of action for fraud.

Under Nevada law, a claim for fraud in the inducement requires a party to prove each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant had an insufficient basis for making the representation); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004). A claim for fraudulent concealment requires that the "defendant must have been under a duty to disclose the fact to the plaintiff." Nev. Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to meet the heightened pleading requirements, a plaintiff must specify the time, place and content of the misrepresentation as well as the names of the parties

involved. See Yourish v. Cal. Amplifier, 191 F.3d 983, 993 n. 10 (9th Cir. 1999). In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff's claims fail to satisfy the heightened pleading standard of Rule 9(b). Plaintiff's allegations in support of these claims are vague and conclusory, asserting only that Defendants failed to disclose certain facts about the inner workings of hte mortgage industry and failed to explain to Plaintiff that she was not qualified to enter the loan on the stated terms. (Compl. ¶¶ 109 - 119 (#1 Ex. 1).) Plaintiff's ninth and tenth claims for relief thus fail to satisfy the requirements of Rule 9(b) and will be dismissed.

H. Claim 11 for Unjust Enrichment

Plaintiff alleges, generally, that Defendants have been unjustly enriched by virtue of their "unethical, unsound lending practices." (Compl. ¶ 121 (#1 Ex. 1).) To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. Contreras v. Master Fin., Inc., 2011 U.S. Dist LEXIS 996 at *10 (D. Nev. Jan. 4, 2011). See also Asphalt Prods. Corp. v. All Star Ready Mix, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written

contract which guides the activities of the parties. LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975, 942 P.2d 182, 187 (Nev. 1997).

Here, Plaintiff entered into a written contract with respect to the mortgage on the Property, namely, the Deed of Trust and the Mortgage Note. These documents guided the interactions, obligations and rights of the parties. As such, Plaintiff cannot make a claim for unjust enrichment with respect to actions that are controlled by a contract to which Plaintiff is a party. Contreras v. Master Fin., Inc., 2011 U.S. Dist. LEXIS 996 at *10. See also LeasePartners Corp., 942 P.2d at 187-88. Plaintiff's claim for unjust enrichment will therefore be dismissed.

I. Conclusion With Respect to Motion (#8) to Dismiss

We have found that Plaintiff has failed to state a claim upon which relief can be granted with respect to any of the eleven causes of action set forth therein. Defendants' motion (#8) to dismiss will therefore be granted.

## VII. Defendants' Motion (#19) for Hearing

We have found that Plaintiff's complaint (#1 Ex. 1) fails to state a claim upon which relief can be granted with respect to any of the eleven causes of action set forth therein. Because we will grant Defendants' motion (#8) to dismiss, a hearing with respect to the motion will not be necessary. Defendants' motion (#19) for hearing will therefore be denied.

///

///

**VIII. Conclusion**

Now pending are a motion to dismiss (#8) filed by Defendants BAC Home Loans Servicing, LP ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS") and ReconTrust Company, N.A. ("ReconTrust"); a motion (#19) for hearing on the motion to dismiss filed by Defendants BAC, MERS and ReconTrust; and a motion (#21) to amend/correct complaint filed by Plaintiff. We will grant the motion (#8) to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because we grant Defendants' motion (#8) to dismiss, we find no compelling reason to hold a hearing on the motion, and so we deny Defendants' motion (#19) for hearing. We have found that amendment of Plaintiff's complaint would be futile, and so Plaintiff's motion (#19) to amend/correct complaint will be dismissed.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#21) to amend is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion (#8) to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion (#19) for hearing is **DENIED**.

DATED: July 15, 2011.

Edward C. Reed.

UNITED STATES DISTRICT JUDGE