**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| CARYN ERIKA PARKER,<br><br>　　Plaintiff,<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING INC.; PINNACLE MORTGAGE GROUP; MARIN CONVEYANCING CORP.; MORTGAGE ELECTRONIC SYSTEMS, INC. [MERS]; BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY; FIRST AMERICAN TITLE INSURANCE COMP.; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>　　Defendants. | 3:11-cv-00039-ECR-RAM<br><br><br><u>Order</u> |

　　Plaintiff is a homeowner who alleges that she is the victim of a predatory lending scheme perpetrated by Defendants.  Now pending before the Court are Plaintiff's Motion for Reconsideration (#26) and Defendants GreenPoint Mortgage Funding, Inc. ("GreenPoint") and Marin Conveyancing Corp.'s ("Marin") Motion for Clarification (#27) of Court's July 15, 2011 Order (#25).

## I. Factual Background

Plaintiff alleges that on or about December 17, 2004, she executed a note in the amount of $311,900 in favor of lender GreenPoint (the "Note") and a deed of trust (the "Deed of Trust") with respect to the real property located at 214, 216, 218 Moran Street, Reno, Nevada 89501. (Compl. ¶ 35 (#1 Ex. 1).) The Deed of Trust names GreenPoint the Lender, Marin the Trustee, and MERS both the beneficiary and the Lender's nominee. (#9 Ex. E.)[1] Stewart Title of Northern Nevada recorded the Deed of Trust on December 27, 2004. (Id.) The Complaint (#1 Ex. 1) alleges that ReconTrust Company ("ReconTrust"), as agent for BAC Home Loans Servicing ("BAC"), executed a "Notice of Default/Election to Sell under Deed of Trust," which was recorded by First American National Default on September 16, 2010 (the "Notice of Default"). (Id. ¶ 36.) The Complaint (#1 Ex. 1) further alleges that the Notice of Default was signed by Charlotte Olmos as agent for First American Title Insurance Comp. ("First American"), as agent for ReconTrust, as agent for BAC. (Id.) However, the Notice of Default itself shows that ReconTrust executed the Notice of Default as agent for the Beneficiary under the Deed of Trust, and notified Plaintiff that she could contact BAC c/o ReconTrust to discuss possible reinstatement, cure, and loan modification. (Notice of Default at 1-2 (#9 Ex. F).)

---

[1] The Court takes judicial notice of the Note, the Deed of Trust, and the Notice of Default as incorporated by reference as though fully set out in the Complaint. FED. R. CIV. P. 10(c). Judicial notice of these documents is also proper under Federal Rule of Evidence 201 because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

2

## II. Procedural Background

Plaintiff filed her Complaint (#1 Ex. 1) in state court on December 13, 2010.  Defendant MERS filed a petition for removal (#1) on January 20, 2011.  On February 7, 2011, Defendants BAC, MERS, and ReconTrust filed a Motion to Dismiss (#8) with a Request for Judicial Notice (#9) in support thereof.  On March 31, 2011, Defendants GreenPoint and Marin joined (#18) the Motion to Dismiss (#8).  On May 27, 2011, Plaintiff filed a Motion for Leave to File Amended Complaint (#21).

By Order (#25) on July 15, 2011, the Court granted Defendants BAC, MERS, and ReconTrust's Motion to Dismiss (#8) and denied Plaintiff's Motion for Leave to File Amended Complaint (#21).

On August 3, 2011, Defendants GreenPoint and Marin filed a Motion for Clarification (#27) of the Court's July 15, 2011 Order, seeking an Order clarifying that the Court's July 15 Order (#25) includes dismissal of Plaintiff's claims against Defendants GreenPoint and Marin.

Also on August 3, 2011, Plaintiff filed a Motion for Reconsideration (#26).  Defendants BAC, MERS, and ReconTrust filed a Response (#28) on August 22, 2011 that Defendants GreenPoint and Marin joined (#29).  Plaintiff replied (#30) on September 2, 2011.

## III. Legal Standard

A motion for reconsideration is appropriately brought under Federal Rule of Civil Procedure 59(e).  "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed

3

1 clear error or made an initial decision that was manifestly unjust,
2 or (3) there is an intervening change in controlling law."
3 Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)
4 (citing Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc., 5 F.3d
5 1255, 1263 (9th Cir. 1993)). A Rule 59(e) motion is properly denied
6 where it presents no arguments that have not already been raised in
7 opposition to the original motion.  Backlund v. Barnhart, 778 F.3d
8 1386, 1388 (9th Cir. 1985).

9     A motion for reconsideration may also be brought under Rule
10 60(b) for reasons of (1) mistake, inadvertence, surprise, or
11 excusable neglect; (2) newly discovered evidence; (3) fraud or other
12 misconduct by an opposing party; (4) the judgment is void; (5) the
13 judgment has been satisfied, released, or discharged; or (6) any
14 other reason that justifies relief."  FED. R. CIV. P. 60(b).

15
16                        **IV. Discussion**

17     Plaintiff seeks reconsideration because "the Court surprised
18 the Plaintiff[]" by dismissing the case before the parties could
19 engage in discovery.  The Court agrees with Defendants that this is
20 not the type of "surprise" contemplated in Rule 60(b).  "Judgment is
21 taken by surprise if it is taken against a party contrary to the
22 party's understanding or agreement with the adversary or when the
23 relief obtained with the judgment varies materially from what is
24 asked for in the underlying pleading."  47 AM. JUR. 2D JUDGMENTS § 688.
25 Plaintiff does not claim that there was an understanding or
26 agreement between the parties related to the motion to dismiss.
27 Defendants confirm that there was no such agreement.  Also, there
28                                  4

was no relief awarded that differed from what was asked for in the pleadings.  Instead, it appears to the Court that Plaintiff was surprised by the Court's dismissal of the Complaint and denial of leave to amend due to futility.  For these reasons, the Court finds that Plaintiff is not entitled to relief from the Court's Order (#25) under Rule 60(b).

Plaintiff seeks relief from the Court's Order (#25) pursuant to Rule 59(e) on the grounds of clear error and manifest injustice.[2] Specifically, Plaintiff alleges the Court erred in dismissing the original complaint and denying leave to amend due to futility in light of two cases that Plaintiff claims stand for the proposition that Defendants did not have standing to foreclose.  The Court now addresses these cases in turn.

   **A.   Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011)**

In Leyva, the Nevada Supreme Court addressed the issue of who has standing to foreclose on a property pursuant to a deed of trust or a mortgage note.  At the outset, the Court disagrees with Defendants that Leyva is of no precedential value in this suit merely because it was primarily focused on compliance with Nevada's foreclosure mediation statutes.  On the contrary, the Leyva court found it necessary to determine a party's standing to foreclose on

---

[2] In her reply, Plaintiff purports to also seek relief under Rule 59(e) due to an intervening change in the law.  However, the cases Plaintiff cites in support thereof, Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011) and In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011), were each handed down in June 2011 - before the Court's Order (#25) of July 15, 2011.  Accordingly, the Court addresses these cases under the clear error prong of Rule 59(e) relief.

5

the property at issue in that case and to clarify Nevada foreclosure law in light of the "increase in the number of foreclosure appeals in this state." 255 P.3d at 1281. Accordingly, the Court will address the application of Leyva to the instant case, keeping in mind that only clear error and/or manifest injustice justifies granting Plaintiff relief from our previous Order (#25) pursuant to Rule 59(e).

Specifically, Plaintiff claims that Leyva stands for the proposition that a party cannot initiate a non-judicial foreclosure until it establishes who the "true holder" of the note is and the true holder's relationship with the entities foreclosing on the property as a matter of standing. Plaintiff claims that Defendants in this case have failed to establish their standing to foreclose. Plaintiff finds support in the Leyva Court's assertion that "[t]he obligor on the note has the right to know the identity of the entity that is 'entitled to enforce' the mortgage note under Article 3 [of the Uniform Commercial Code ("U.C.C.")], see NRS 104.3301, '[o]therwise, the [homeowner] may pay funds to a stranger in the case.'" 255 P.3d at 1279-80 (quoting In re Veal, 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011)). While at first glance this proposition appears to support Plaintiff's claim, the Leyva Court was addressing enforcement of a note "by a party other than to whom the note is originally payable." 255 P.3d at 1280. The Leyva Court went on to hold that for such a note to be enforceable by someone other than the original party named on the note, it must be assigned either by negotiation or transfer in accord with Article 3 of the U.C.C., as

6

codified in Nevada Revised Statues ("NRS") § 104.3201.  255 P.3d at 1280-81.

In this case, the judicially noticed documents confirm that the original party named on the Note, Defendant GreenPoint, is the party seeking to enforce the Note.  The Note was originally made payable to the order of the Lender, GreenPoint Mortgage Funding, Inc.  (Note at 1 (#9 Ex. D).)  The Deed of Trust names GreenPoint the Lender, Marin the Trustee, MERS the beneficiary and nominee for Lender, and refers to the Note and property at issue.  (Deed of Trust at 2 (#9 Ex. E).)  The Deed of Trust further provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender..."  (Id. at 3.)  Courts in this district have recently clarified that MERS, where it is nominated on a deed of trust by the holder of a promissory note, is the lender's agent with the limited role of administering the deed of trust on the holder's behalf.  See, e.g., Weingartner v. Chase Home Fin., LLC, 702 F. Supp. 2d 1276, 1279 (D. Nev. 2010).  The Notice of Default was executed by ReconTrust, acting as an agent of MERS.  (Notice of Default at 1 (#9 Ex. F).)  Therefore, in this case, Defendant GreenPoint is the party enforcing the Note through its agent MERS, through MERS' agent ReconTrust.  Leyva's holding with regard to the assignment of mortgage notes is therefore inapplicable to this case where the original note holder is the party enforcing the note.

Moreover, a foreclosure is not improper under Nevada's foreclosure statute, NRS 107.080, where, as here, the entity that

filed the notice of default is the agent of the lender's agent. <u>Karl v. Quality Loan Serv. Corp.</u>, 759 F. Supp. 2d 1240, 1246 (D. Nev. 2010); <u>see</u> <u>also</u> <u>Vega v. CTX Mortg. Co, LLC</u>, 761 F. Supp. 2d 1095, 1099 (D. Nev. 2011) ("This Court agrees with the state trial court's view that only the beneficiary of the debt secured by a mortgage, the trustee, <u>or an agent of one of these</u>, may foreclose.") (citing NRS § 107.080(2)(c))(emphasis added); <u>Kartman v. Ocwen Loan Servicing, LLC</u>, No. 2:09-cv-02404, 2010 WL 3522268,at *1 (D. Nev. Sept. 1, 2010) ("In Nevada, the power of sale cannot be exercised until one of two particular entities - the beneficiary or the trustee - <u>or an agent thereof</u>, records the [notice of default].") (emphasis added).

For the foregoing reasons, <u>Leyva</u> provides no grounds for relieving Plaintiff from the Court's previous Order (#25) dismissing Plaintiff's claims and denying leave to amend the complaint due to futility.

**B.   <u>In re Veal</u>, 450 B.R. 897 (B.A.P. 9th Cir. 2011)**

Plaintiff contends that <u>In re Veal</u> supports her split note theory, namely that securitization of the note, or splitting a note from the deed of trust, renders the transfer a nullity and the assigned deed of trust a worthless piece of paper.  "The key to this argument is that, under the common law generally, the transfer of a mortgage without the transfer of the obligation it secures renders the mortgage ineffective and unenforceable in the hands of the transferee."  <u>In re Veal</u>, 450 B.R. at 915-16 (citing RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4 cmt. e (1997)).  The <u>Veal</u> Court went on to validate the split-note theory pursuant to Illinois law,

8

which follows the common law rule.  <u>In re Veal</u>, 450 B.R. at 916-17. This Court, however, must decide the issue according to Nevada law.

Unlike the case in Illinois, however, the Nevada Supreme Court has yet to address the split note issue. See <u>Leyva</u>, 255 P.3d at 1280 n.7 ("[W]e express no opinion on the issue addressed in the Restatement (Third) of Property section 5.4 concerning the effect on the mortgage of the note having been transferred or the reverse."). Section 5.4(b) of the Restatement, however, sets up a general presumption that the transfer of a mortgage normally includes an assignment of the obligation it secured.  Moreover, the theory does not apply in this case where the mortgage or the note has not been transferred.  As explained above, the original holder of the Note, Defendant GreenPoint, is the party enforcing the Deed of Trust through its agent MERS through its agent ReconTrust.

Furthermore, courts in this District and others have repeatedly rejected the idea that securitization somehow splits a note from a deed of trust and renders either a nullity. See, e.g., <u>Manderville v. Litton Loan Servicing</u>, No. 2:10-cv-1696, 2011 WL 2149105, at *2 (D. Nev. May 31, 2011) ("As plaintiff is basing her quiet title claim on the 'split the note' theory, which has been rejected by many courts with regards to nonjudicial foreclosures such as this, it cannot survive."); <u>Vega</u>, 761 F. Supp. 2d at 1098 ("The new rule proposed in the Restatement thus binds the note and the mortgage as a matter of law, as if the two agreements (the promissory note and the mortgage) simply appeared on consecutive pages of the same document."); <u>Birkland v. Silver State Fin. Servs., Inc</u>, No. 2:10-cv-00035, 2010 WL 3419372, at *2 (D. Nev. Aug. 25, 2010) (Plaintiff is

9

"incorrect" in "claiming that the securitization - or placement of her note/loan on the secondary market - makes it impossible to identify which parties have purchased an interest in the note, and thus, that the deed of trust 'is split from the note and is unenforceable.'"); see also Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 624 (4th Cir. 2011) ("If . . . the transfer of a note splits it from the deed of trust, . . . there would be little reason for notes to exist in the first place.  One of the defining features of notes is there transferability, . . . but on Horvath's view, transferring a note would strip it from the security that gives it value and render the note largely worthless.  This cannot be - and is not - the law."); Commonwealth Prop. Advocates v. Mortg. Elec. Registration Sys., Inc., No. 2:11-CV-214 TS, 2011 WL 1897826, at *2 (D. Utah May 18, 2011) ("[A]s any assignment of the note necessarily carries with it the deed of trust securing the property, the Court has found that such a 'split-note' scenario is untenable.") (footnote omitted); In re Mortg. Elec. Registration Sys. Lit., MDL Docket No. 09-2119-JAT, 2011 WL 251452, at *5 (D. Ariz. Jan. 25, 2011) ("Plaintiffs have not cited any legal authority where the namings of MERS - and the consequents 'splitting of the note' - was cause to enjoin a non-judicial foreclosure as wrongful.  Indeed Nevada case law universally holds that these deeds are enforceable.") (citations and footnote omitted).

    The Court therefore did not commit clear error in rejecting Plaintiff's splitting of the note theory - In re Veal provides no grounds for relief from the Court's previous Order (#25).

## V. Conclusion

Plaintiff has failed to show that the Court committed clear error or manifest injustice by our previous Order (#25) dismissing Plaintiff's claims and denying leave to amend for reason of futility. The two cases Plaintiff cites provide no reason for departing from our previous Order (#25), as neither are applicable to the facts of this case where no transfer of the Note has taken place.

Further, pursuant to Federal Rule of Civil Procedure 60(a), the Court now clarifies that Plaintiff's claims against Defendants GreenPoint and Marin should have also been dismissed in the Court's previous Order (#25) granting Defendants BAC, MERS, and ReconTrust's Motion to Dismiss (#8). Defendants GreenPoint and Marin timely filed a Joinder and Supplement (#18) to the other Defendants' Motion (#8) and should have been included in the Order (#25).

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#26) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants GreenPoint Mortgage Funding, Inc. and Marin Conveyancing Corp.'s Motion for Clarification (#27) is **GRANTED**. Plaintiff's claim against Defendants GreenPoint and Marin are **DISMISSED**.

DATED: November 1, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

11